IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ROSALYN HARRIS and PRECIOUS MOORER, | : : : | Civil Action File No. |
| Plaintiffs, | : : | Jury Trial Demanded |
| vs. | : : | |
| ATLANTA HOME CARE, INC. and RAJEEV MATHUR, | : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs Rosalyn Harris ("Ms. Harris") and Precious Moorer ("Ms. Moorer") (collectively "Plaintiffs"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Atlanta Home Care, Inc. ("Atlanta Home Care") and Rajeev Mathur ("Mathur") (collectively "Defendants") and shows the Court as follows:

**INTRODUCTION**

1.

This is an FLSA case. Plaintiffs bring this action because Defendants misclassified them as independent contractors and failed to pay them at or above minimum wage for all hours worked and at one-and-one-half times their regular hourly rate for all work performed over forty hours in each workweek during their employment with Defendants.

2.

In addition to her federal causes of action, Plaintiff Ms. Moorer asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Ms. Moorer's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the

state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Atlanta Home Care is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Ms. Harris resides in Fulton County, Georgia.

7.

At all times material hereto, Ms. Harris has been an "employee" of "Atlanta Home Care" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

At all times material hereto, Atlanta Home Care. has been an "employer" of Ms. Harris as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Ms. Moorer resides in Clayton County, Georgia.

10.

At all times material hereto, Ms. Moorer has been an "employee" of "Atlanta Home Care" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

At all times material hereto, Atlanta Home Care has been an "employer" of Ms. Moorer as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

Atlanta Home Care is a corporation organized under the laws of the State of Georgia.

13.

Atlanta Home Care is subject to the personal jurisdiction of this Court.

14.

Atlanta Home Care may be served with process through its registered agent Rajeev Mathur at 2265 Roswell Road, Suite 102, Marietta, Georgia 30062.

15.

Mathur resides within Cobb County, Georgia.

16.

At all times material hereto, Mathur has been an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

17.

Mathur is subject to the personal jurisdiction of this Court.

18.

Mathur may be served with process at 2265 Roswell Road, Suite 102, Marietta, Georgia 30062.

**INDIVIDUAL COVERAGE:**

19.

During the three (3) years prior to filing the within action ("the Relevant Time Period"), Plaintiffs have been "engaged in commerce" as an employee of Atlanta Home Care as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**ENTERPRISE COVERAGE:**

20.

During the Relevant Time Period, Atlanta Home Care was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

During 2014, Atlanta Home Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Atlanta Home Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Atlanta Home Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During the relevant time period, two or more employees of Atlanta Home Care, including Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: office supplies, cleaning supplies, copiers, furniture, telephones, cellular telephones.

25.

During 2014, Atlanta Home Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Atlanta Home Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Atlanta Home Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, Atlanta Home Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Atlanta Home Care  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2016, Atlanta Home Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, Atlanta Home Care has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**STATUTORY EMPLOYER**

32.

At all times material hereto, Mathur exercised operational control over the work activities of Plaintiffs.

33.

At all times material hereto, Mathur was involved in the day to day operation of the Atlanta Home Care for which Plaintiffs worked.

34.

At all times material hereto, Atlanta Home Care vested Mathur with supervisory authority over Plaintiffs.

35.

At all times material hereto, Mathur exercised supervisory authority over Plaintiffs.

36.

At all times material hereto, Mathur scheduled Plaintiffs working hours or supervised the scheduling of Plaintiffs' working hours.

37.

At all times material hereto, Mathur exercised authority and supervision over Plaintiffs' compensation.

38.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

39.

At all times material hereto, Atlanta Home Care did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all times material hereto, Atlanta Home Care did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

41.

At all times material hereto, Atlanta Home Care did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

42.

At all times material hereto, Atlanta Home Care did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

**ADDITIONAL FACTUAL ALLEGATIONS**

43.

Defendants employed Ms. Harris as a caregiver in and around Atlanta, Georgia from approximately 2005 through the date of filing the within action.

44.

Defendants employed Ms. Moorer as a caregiver in and around Atlanta, Georgia from approximately 2013 through 2016.

45.

At all times relevant to this action prior to August 2015, Defendants classified Plaintiffs as independent contractors.

46.

In or about August 2015, reclassified Plaintiffs as employees.

47.

At all times during the Relevant Time Period, Defendants were aware that, as a matter of economic reality, Plaintiffs were employees within the meaning of the Fair Labor Standards Act rather than independent contractors.

48.

Defendants did not rely on the advice of legal counsel when it determined that Plaintiffs should properly be classified as independent contractors rather than as employees.

49.

Defendants did not rely on the advice of legal counsel when it classified Plaintiffs as independent contractors rather than as employees.

50.

Defendants did not rely on any opinion, rule, or regulation propounded by the U.S. Department of Labor when it classified Plaintiffs as independent contractors rather than as employees.

51.

Defendants did not rely on any opinion, rule, or regulation propounded by the U.S. Department of Labor when it continued to classify Plaintiffs as independent contractor rather than as employees.

52.

Defendants classified Plaintiffs as independent contractors rather than employees in order to avoid paying them at one-and-one-half times their regular hourly rates for hours worked in excess of forty hours in a workweek.

53.

Defendants willfully classified Plaintiffs as independent contractors rather than as employees in order to avoid paying them at one-and-one-half times their regular hourly rates for hours worked in excess of forty hours in a workweek.

54.

During the relevant time period, Plaintiffs' duties did not change after Defendants reclassified them from independent contractors to employees.

55.

During the relevant time period, Plaintiffs' primary duties consisted of providing companionship, cooking, light housekeeping, laundering, bathing and toileting services to Defendants' clients.

56.

During the relevant time period, Defendants assigned Plaintiffs clients.

57.

During the relevant time period, Plaintiffs did not chose clients.

58.

During the relevant time period, Plaintiffs followed a protocol set by Defendants when interacting with Defendants' clients.

59.

During the relevant time period, Plaintiffs' discretion in making decisions was limited and circumscribed by the policies and procedures set out by Defendants.

60.

During the relevant time period, Defendants instructed Plaintiffs on each client.

61.

During the relevant time period, Plaintiffs often visited more than one client.

62.

During the relevant time period, Defendants did not compensate Plaintiffs for the time they spent traveling between clients' homes.

63.

During the relevant time period, Plaintiffs regularly worked 6-7 days during each work week.

64.

During the relevant time period, Plaintiffs' working hours varied during each work day.

65.

During the relevant time period, Plaintiffs regularly worked in excess of forty (40) hours during most work weeks.

66.

During the relevant time period, Plaintiffs submitted times sheets to Defendants which accurately reflected the number of hours Plaintiffs worked during each work week.

67.

During the relevant time period, Defendants were aware of the actual number of hours that Plaintiffs worked during each work week.

68.

During the relevant time period, Defendants compensated Plaintiffs at an hourly rate of pay for each hour they worked.

69.

During the relevant time period, Defendants compensated Ms. Harris at an hourly rate of $9.00 per hour.

70.

During the relevant time period, Defendants compensated Ms. Harris at an hourly rate of $8.50 per hour.

71.

During the relevant time period, because of Defendants failure to compensate Plaintiffs for time they spent driving between clients, Defendants failed to compensate Plaintiffs at a rate of at least $7.25 per hour for each hour they worked.

72.

During the relevant time period, Defendants willfully failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour he worked.

73.

During the relevant time period, Defendants failed to pay Plaintiffs an overtime premium for each overtime hour they worked.

74.

During the relevant time period, Defendants failed to properly compensate Plaintiffs for all hours they worked in excess of forty (40) hours during each work weeks.

## COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF HARRIS

75.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

76.

During the relevant time period, Ms. Harris was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

77.

During the relevant time period, Defendants failed to compensate Ms. Harris at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA when they failed to pay her for all time worked as required by the Portal to Portal Act.

78.

During the relevant time period, Defendants willfully failed to compensate Ms. Harris at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

79.

Ms. Harris is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

80.

As a result of the underpayment of minimum wages as alleged above, Ms. Harris is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

81.

As a result of the underpayment of minimum wages, Defendants are liable to Ms. Harris for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b)

### COUNT II — FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF MOORER

82.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

83.

During the relevant time period, Ms. Moorer was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

84.

During the relevant time period, Defendants failed to compensate Ms. Moorer at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA when they failed to pay her for all time worked as required by the Portal to Portal Act.

85.

During the relevant time period, Defendants willfully failed to compensate Ms. Moorer at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

86.

Ms. Moorer is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

87.

As a result of the underpayment of minimum wages as alleged above, Ms. Moorer  is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the underpayment of minimum wages, Defendants are liable to Ms. Moorer for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III - FAILURE TO PAY OVERTIME AS TO PLAINTIFF HARRIS

### 89.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 90.

At all times material hereto, Ms. Harris has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 91.

During her employment with Defendants, Ms. Harris regularly worked in excess of forty (40) hours each week.

### 92.

Defendants regularly failed to pay Ms. Harris at one and one half times her regular rate for work in excess of forty (40) hours in a given workweek.

### 93.

Defendants willfully failed to pay Ms. Harris at one and one half times her regular rate for work in excess of forty (40) hours.

### 94.

Ms. Harris is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

95.

As a result of the underpayment of overtime compensation as alleged above, Ms. Harris is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

96.

As a result of the underpayment of overtime compensation as alleged above, Ms. Harris is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT IV - FAILURE TO PAY OVERTIME AS TO PLAINTIFF MOORER

97.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

98.

At all times material hereto, Ms. Moorer has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

99.

During her employment with Defendants, Ms. Moorer regularly worked in excess of forty (40) hours each week.

100.

Defendants regularly failed to pay Ms. Moorer at one and one half times her regular rate for work in excess of forty (40) hours in a given workweek.

101.

Defendants willfully failed to pay Ms. Moorer at one and one half times her regular rate for work in excess of forty (40) hours in any given work week.

102.

Ms. Moorer is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

103.

As a result of the underpayment of overtime compensation as alleged above, Ms. Moorer is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

104.

As a result of the underpayment of overtime compensation as alleged above, Ms. Moorer is entitled to his litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT V - BREACH OF CONTRACT AS TO PLAINTIFF MOORER**

105.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

106.

Ms. Moorer and Atlanta Home Care were parties to an oral contract of employment (hereafter "the Contract") .

107.

The Contract provided that Atlanta Home Care would pay Ms. Moorer for work that was performed by Ms. Moorer on behalf of and for the benefit of Defendants.

108.

Defendants' failure to pay Ms. Moorer for work she performed during the last 3 days of her employment constitutes a material breach of the Contract.

109.

As the direct and foreseeable result of this breach, Ms. Moorer has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT VI – QUANTUM MERUIT AS TO PLAINTIFF MOORER

110.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

111.

Ms. Moorer served as a Caregiver for Defendants.

112.

Ms. Moorer's service as a Caregiver for Atlanta Home Care as described above was valuable to Defendants.

113.

Atlanta Home Care requested Ms. Moorer's service as a Caregiver.

114.

Atlanta Home Care knowingly accepted Ms. Moorer's service as a Caregiver.

115.

The receipt of Ms. Moorer's services as a Caregiver for Atlanta Home Care without compensation would be unjust.

116.

Ms. Moorer expected to be compensated at the time she provided her services as a Caregiver.

117.

Ms. Moorer is entitled to a recover from Atlanta Home Care the reasonable value of the services she provided as a Caregiver for Defendants, in an amount to be determined at trial.

## COUNT VII - PROMISSORY ESTOPPEL AS TO PLAINTIFF MOORER

118.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

119.

In 2013, Atlanta Home Care promised to pay Ms. Moorer in return for Plaintiff's service as a Caregiver for them.

## 120.

Atlanta Home Care should have reasonably expected that Ms. Moorer would induce action in reliance of said promise, i.e., serve as a Caregiver for Defendants.

## 121.

Atlanta Home Care's promise induced Ms. Moorer to act in reliance thereof, i.e., to serve as a Caregiver for Defendants, to her detriment.

## 122.

Ms. Moorer's service as a Caregiver for Atlanta Home Care conferred a benefit on Defendants.

## 123.

Atlanta Home Care failed to pay Ms. Moorer in accordance with their promise.

## 124.

Ms. Moorer relied on Defendants' promise.

## 125.

Ms. Moorer's reliance on Defendant's promise was reasonable.

## 126.

Injustice can only be avoided by enforcement of Defendants' promise.

## 127.

Ms. Harris is entitled to a recover from Atlanta Home Care the reasonable value of the services she provided as a Caregiver for Defendants, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully prays:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid minimum wage due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

4. That Plaintiff Moorer have and recover judgment against Defendants for the pendent State claims herein asserted in amounts to be proved at trial;

5. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

Counsel for Plaintiffs