# SETTLEMENT AGREEMENT, RELEASE
# OF CLAIMS AND COVENANT NOT TO SUE

This Settlement Agreement, Release of Claims and Covenant not to Sue (the "Agreement") is made by and between Precious Moorer ("Moorer"), and Atlanta Home Care, Inc. and Rajeev Mathur (Atlanta Home Care, Inc. and Rajeev Mathur shall be collectively referred to as "Atlanta Home Care Parties"). Precious Moorer, Atlanta Home Care, Inc. and Rajeev Mathur shall be collectively referred to as "The Parties."

1. Settlement.

   (a) Following execution of this Agreement, as specified below, Atlanta Home Care Parties shall pay to or on behalf of Moorer the gross total sum of four Thousand One Hundred and Fifty Dollars ($4,150.00) ("Settlement Payment") as full and final settlement of any and all matters and disputes between Moorer and the Atlanta Home Care Parties, up to the date of this Agreement.

   (b) The Settlement Payment shall be divided as follows:
      i. one check payable to Moorer for back wages and liquidated damages in the amount of One Thousand One Hundred and Fifty Dollars and No Cents ($1,150) for which Atlanta Home Care Parties shall issue an IRS Form 1099, and
      ii. one check payable to Charles R. Bridgers, LLC for attorneys' fees and costs in the amount of Three Thousand Dollars ($3,000) for which Atlanta Home Care Parties shall issue an IRS Form 1099.

2. General Release.

   (a)   As used in this paragraph 2, "Moorer" shall include Moorer, herself, and, if any, her family members, relatives, personal representatives, executors, administrators, heirs-at-law, legatees, agents, insurers, guarantors, attorneys, successors, assigns and all other persons claiming by or through Moorer (whether directly or derivatively) against or on account of those claims referred to in Paragraph 2(b) of this Agreement.

   (b)   In consideration of the Settlement Payment and the other obligations of this Agreement, Moorer releases and forever discharges Atlanta Home Care Parties, including its/his affiliated business entities, *P.M*

subsidiaries, parent and sister corporations, predecessors, successors, affiliates, assigns, trustees, shareholders, partners, insurers, and the insurer's current and former agents, guarantors and all directors, officers, employees, agents, attorneys and other representatives (collectively, the "Released Parties") or any of the foregoing from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, except claims that may arise as to the enforcement of this Agreement, which may result in future damages or injury (collectively, the "Released Claims"). The Released Claims include, but are not limited to, claims arising out of, caused by, or otherwise related in any way to:

(1) violations or alleged violations of any federal, state or local statute or ordinance or common law, including, but not limited to, the Constitution of the United States or of any State, the laws of the United States or of any State, including, but not limited to, the statutes and common law of the State of Georgia, Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, or any other claim of discrimination, including race, age, sex, national origin, and disability, retaliation, as well as any claims for wages or benefits arising under federal or state law;

(2) failure on the part of the Released Parties, as to any duty or obligation whatsoever based on any act occurring up to the date of this Agreement;

(3) all claims that were made or could have been made in Case No.1:17-CV-01379-MHC , filed in the United States District Court for the Northern District of Georgia.

(c) In consideration of the Settlement Payment and the other obligations of


Initials

this Agreement, the Atlanta Home Care Parties releases and forever discharges Moorer, including her affiliates, assigns, trustees, partners and agents, (collectively, the "Released Parties") or any of the foregoing from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, except claims that may arise as to the enforcement of this Agreement, which may result in future damages or injury (collectively, the "Released Claims"). The Released Claims include, but are not limited to, claims arising out of, caused by, or otherwise related in any way to Moorer's billing practices, standard of patient care, claims for breach of contract, fraud, theft of trade secrets, and violation of non-competition agreements.

(d)  The Parties agree that the Settlement Payment described in paragraph 1 above is given in full accord and satisfaction of any and all claims that Moorer has or may have against the Released Parties, as defined above, including, but not limited to for attorney's fees, costs and expenses which Moorer may be obligated to pay.

(e)  It is the intention of the Parties that this Agreement be read as broadly as possible such that the Released Parties shall have no further obligations or liability of any sort or nature to Moorer, directly or indirectly, other than as set forth herein.

(f)  In consideration of the Settlement Payment and the other obligations of this Agreement, except where such covenant would be specifically prohibited by law, Moorer further covenants not to file any further suit or make any further claim of any kind against Atlanta Home Care Parties for any claims arising under any municipal, local, state, or federal law, common or statutory, including, but not limited to, any of the bases set forth in paragraph 2(b) above, for any actions or omissions whatsoever, whether known or unknown, suspected or

Initials
P.M

Page 4 of 7

unsuspected which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement.

(g) Atlanta Home Care Parties makes no representations and provides no guarantee or assurance regarding the tax consequences to Moorer for payment of the Settlement Payment. Moorer shall be responsible for any and all taxes owed by Moorer that may be due as a result of the Settlement Payment.

(h) The Parties hereby agree not to defame or disparage, or otherwise publish or communicate derogatory statements or opinions about the other party in any manner whatsoever. The Parties represent and assure that no such defamatory or derogatory comments have been previously made, nor will any such comments be made in the future. In the event Moorer's future or potential employers contact Atlanta Home Care Parties agree to confirm Moorer's dates of employment with Atlanta Home Care Parties without further comment.

3. Dismissal of Litigation.

Moorer agrees that within ten (10) business days of the date her attorney receives the Settlement Payment, she will file with the court a Stipulation of Dismissal with Prejudice of Case No. 1:17-CV-01379-MHC filed in the United States District Court for the Northern District of Georgia.

4. General Provisions.

(a) Moorer represents, warrants and agrees that she has not, and will not, assign, convey, or otherwise transfer any interest in any claims or other liabilities or obligations which are the subject of this Agreement.

(b) Moorer acknowledges that she has been advised to retain counsel of her own choosing concerning the claims released herein and that she has done so; that she has read and fully understands the terms of this Agreement, with adequate opportunity and time for such review; that this Agreement has been the result of substantive negotiations; and that she is fully aware of its contents and of its legal effect.

Initials 

Accordingly, this Agreement shall not be construed against any party on the grounds that such party drafted this Agreement. Instead, this Agreement shall be interpreted as though drafted equally by all parties. Moorer enters into this Agreement freely and voluntarily and with a full understanding of its terms. Moorer acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made to either of them by Atlanta Home Care Parties to induce execution of this document. Moorer further states that the only representations made to her in order to obtain her consent to this Agreement are stated herein and that she is signing this Agreement voluntarily and without coercion, intimidation or threat of retaliation.

(c)  This Agreement embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises or representations, whether written or oral, expressed or implied, made by, for or on behalf of Atlanta Home Care Parties, and it may not be altered, superseded or otherwise modified except in writing signed by the party to be charged.

(d)  Failure by any party to enforce any of the remedies provided to it in this Agreement shall not be deemed a waiver of those rights.

(e)  The party representative executing this Agreement warrants that he/she is the duly authorized representatives of the respective entity designated below, and is fully empowered to execute this Agreement on behalf of the respective party.

(g)  This Agreement shall be construed in accordance with federal law and the law of the State of Georgia. If any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

(h)  The Parties agree that this Agreement may be executed in

Initials 

Page 6 of 7

counterparts, each of which shall be deemed to constitute an executed original, even though not all signatures may appear on the same counterpart. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes.

(i) In the event of a breach of any of the terms of the Agreement by any of the Parties the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

5. <u>Date</u>.

The Effective Date of this Agreement will be the day the Agreement signed by Moorer.

**This Is A Release**
**Read Before Signing**

**PRECIOUS MOORER**

Signed: _____

Print Name: Precious Moorer

Date: 8/31/17

Approved by:

_____
Charles R. Bridgers
Delong Caldwell Bridgers & Fitzpatrick, LLC
3100 Centennial Tower

Initials
P.M

101 Marietta Street
Atlanta, GA 30303
*Counsel for Plaintiff Precious Moorer*

## ATLANTA HOME CARE, INC.

By: RAJEEV MATHUR

Title: President/CEO

Witness: Bhumika (BHUMIKA DESAI)

## RAJIV MATHUR

Signed: *[signature]*

Print Name: RAJEEV MATHUR

Date: 09/13/17

Approved by:

*[signature]*

Roy Banerjee
Kumar Prabhu, Patel & Banerjee, LLC
One Lakeside Commons
990 Hammond Drive
Suite 800
Atlanta, GA 30338
(678) 443-2220
*Counsel for Atlanta Home Care, Inc. and Rajiv Mathur*

Initials: PM